IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.**

**LUIS SANORA, et al.,**

**Defendants.**                                      **No. 07-30136-DRH**

<u>ORDER</u>

**HERNDON, Chief Judge:**

Before the Court is an Unopposed Motion to Continue Trial (Doc. 567) filed by Defendant Luis Sanora and a Motion to Continue Trial (Doc. 568) filed by Brandon Goza.  Specifically, Sanora requests that the trial setting of November 15, 2010 be continued for at least thirty (30) days as the parties are currently engaged in plea negotiations and need additional time to review the proposed plea agreement and complete negotiations.  Defendant Goza also requests that the trial be continued as the parties are currently engaged in plea negotiations and need additional time to review the agreement and complete negotiations.  The Government does not oppose the continuance.  The Court, being fully advised in the premises, finds that the trial should be continued in order to allow Defendants additional time in which to conduct plea negotiations.

The Court **GRANTS** Defendants Sanora and Goza's motions to continue trial (Docs. 457 & 568).  The Court **CONTINUES** the trial currently set for November

15, 2010 until **January 24, 2011 at 9:00 a.m.**  The continuance of trial applies to all non-moving Defendants as well.  ***United States v. Baker*, 40 F.3d 154, 159 (7th Cir. 1994) ("'Under § 3163(h)(7), the excludable delay of one defendant may be ascribed to all defendants in the same case, absent severance.'")(quoting *United States v. Tanner*, 941 F.2d 574, 580 (7th Cir. 1991), cert. denied, 502 U.S. 1102, 112 S.Ct. 1190, 117 L.Ed. 2d 432 (1992)).**  At this time Defendant Anthony J. Duvernay appears to be the only remaining Defendant that has been arraigned and thus the continuance applies to him as well.

In continuing the trial, the Court notes that one of the co-defendants, Jesus Manuel Saavedra, remains a fugitive.  Saavedra is still at large and has not yet been arraigned.  Further, no motion for severance of the remaining defendants has been filed or granted in this case, meaning all Defendants adhere to the same Speedy Trial Act count.  Therefore, in actuality and the state of the law is that the Speedy Trial "clock" does not begin to run until the last co-defendant is arraigned.  In this case, as there is one fugitive, the 70-day window for conducting this trial has not yet come into play under the Speedy Trial Act. ***See United States v. Larson*, 417 F.3d 741, 745 n.1(7th Cir. 2005) ("In the typical joint trial, the Speedy Trial clock begins when the last co-defendant is arraigned.")(citing *United States v. Baskin-Bey*, 45 F.3d 200, 203 (7th Cir. 1995)); *Henderson v. United States*, 476 U.S. 321, 323 n.2 (1986); 18 U.S.C. § 3161(h)(6); *United States v. Souffront*, 338 F.3d 809, 835 (7th Cir. 2003) (The Court found that the seventy-day clock**

**commenced the day a fugitive-also the final co-defendant in the case- was arraigned**).  Since the Speedy Trial clock has not begun to run, there is no need to account for exclude time due to trial delays, such as when a trial is continued.

However, in the alternative to finding that the Speedy Trial clock has yet to commence, the Court finds that the reasons stated in the motion to continue justify reasons for granting a continuance and excluding time under the Speedy Trial Act.  The Court finds that pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the ends of justice served by the granting of such a continuance outweigh the best interests of the public and *all Defendants* in a speedy trial.  To force a Defendant to trial on a case that appears to have the ability to resolve amicably would constitute a miscarriage of justice.  Therefore, the Court alternatively finds reasons for granting a continuance as sought in the motion (Doc. 567).  The Court hereby **CONTINUES** the trial as to *all Defendants* scheduled for November 15, 2010 until **January 24, 2011 at 9:00 a.m.** The time from the date the motion was filed, November 4, 2010, until the date on which the trial is rescheduled, January 24, 2011, is excludable for purposes of a speedy trial.

Consistent with this alternative finding, the Court also notes that Defendants Goza was previously give twenty-one (21) days from the date of his arraignment in which to file pre-trial motions and complete discovery.  According to a recent Supreme Court decision, ***Bloate v. United States*, 130 S.Ct. 1345 (2010)**, delays resulting from pre-trial motion preparation is not automatically excludable

under **18 U.S.C. § 3161(h)(1)**, but requires case-specific findings under **18 U.S.C. § 3161(h)(7).** ***See Bloate***, **130 S.Ct. at 1352.**  In light of the recent decision, the Court finds that the time granted to Defendant Goza for preparation of pretrial motions and discovery was also excludable under **18 U.S.C. § 3161(h)(7)(A)** as the ends of justice served by the granting of such a continuance outweighed the best interests of the public and Defendant in a speedy trial.  To force a Defendant to trial without adequate time to prepare would have constituted a miscarriage of justice. Therefore, for purposes of the Order, granting Defendant twenty-one (21) days in which to complete discovery and file pre-trial motions (Docs. 543), the Court notes that the time from the date of arraignment until the date on which the twenty-one days expired was excludable for purposes of a speedy trial.[1]

Should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 5th day of November, 2010.

David R. Herndon
2010.11.05
16:48:32 -05'00'

**Chief Judge**
**United States District Court**

---

[1]  Defendant Goza was arraigned on September 7, 2010 and the twenty-one days given him to file pre-trial motions expired on September 28, 2010.